**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CARRINGTON NICOLE TAYLOR** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| V. | § | **CIVIL ACTION NO. 4:25-cv-03739** |
| | § | |
| **THREE BROTHERS BAKERY, INC.** | § | |
| **AND THOMAS BAKER,** | § | |
| | § | |
| | § | |
| **DEFENDANTS.** | § | |

**<u>DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED PETITION</u>**

Defendants Three Brothers Bakery, Inc. and Thomas Baker ("Defendants") file their Answer with Affirmative Defenses to Plaintiff's Amended Petition ("Amended Complaint") as follows:

### I. NATURE OF THE CASE

1. In response to paragraph 1 of Plaintiff's Amended Complaint, Defendants admit that Plaintiff is seeking relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*. The remaining paragraph contains legal conclusions to which no response is necessary.

2. In response to paragraph 2 of Plaintiff's Amended Complaint, Defendants admit that Plaintiff is a Black woman. Defendants deny every other allegation in the remainder of this paragraph.

3. In response to paragraph 3 of Plaintiff's Amended Complaint, Defendants deny all of Plaintiff's allegations.

## II. JURISDICTION AND VENUE

4. In response to paragraph 4 of Plaintiff's Amended Complaint, Plaintiff's allegations are legal conclusions to which no response is necessary; further, Defendants contest jurisdiction to the extent that Plaintiff agreed to arbitrate the claims asserted in her Complaint.

5. In response to paragraph 5 of Plaintiff's Amended Complaint, Plaintiff's allegations are legal conclusions to which no response is necessary.

## III. PARTIES

6. In response to sentence 1 of paragraph 6 of Plaintiff's Amended Complaint, Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations relating to Plaintiff's residency. Defendants admit that Plaintiff was employed by either Three Brothers Bakery, Inc. or an affiliate in Harris County, Texas.

7. In response to paragraph 7 of Plaintiff's Amended Complaint, Defendants admit the allegations in this paragraph and that Defendant Three Brothers Bakery, Inc. has been served with process through its counsel of record.

8. In response to paragraph 8 of Plaintiff's Amended Complaint, Defendants admit the allegations in this paragraph and that Defendant Thomas Baker has been served with process through his counsel of record.

## IV. FACTUAL BACKGROUND

9. In response to sentence 1 of paragraph 9 of Plaintiff's Amended Complaint, Defendants admit that Plaintiff was employed by either Three Brothers Bakery, Inc. or an affiliate from April 29, 2023 until July 26, 2024, however, Defendants deny that Thomas Baker ever employed Plaintiff. Defendants admit the allegations in sentence 2 of paragraph 9.

10. In response to paragraph 10 of Plaintiff's Amended Complaint, Defendants deny all allegations in this paragraph.

11. In response to paragraph 11, including subparts a-d, of Plaintiff's Amended Complaint, Defendants deny all allegations in this paragraph.

12. In response to sentence 1 of paragraph 12 of Plaintiff's Amended Complaint, Defendants admit to meeting with Plaintiff on or about April 15, 2024, however, Defendants deny the allegations as to the topics discussed in said meeting. In response to sentence 2, Defendants deny all allegations in this sentence.

13. In response to sentence 1 of paragraph 13 of Plaintiff's Amended Complaint, Defendants admit that Jordan Garcia was terminated on or about July 16, 2024. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in sentence 2 of this paragraph.

14. In response to sentence 1 and 2 of paragraph 14 of Plaintiff's Amended Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in these sentences. Sentence 3 contains a legal conclusion to which no response is required.

15. In response to sentence 1 of paragraph 15 of Plaintiff's Amended Complaint, Defendants admit to meeting with Plaintiff on or about July 24, 2024, however, Defendants deny the allegations as to the topic discussed in said meeting. In response to sentence 2, Defendants deny all allegations in this sentence.

16. In response to sentence 1 of paragraph 16 of Plaintiff's Amended Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in this sentence. In response to sentence 2, Defendants admit that Plaintiff

was questioned as to the possible coercion of Plaintiff's subordinates, but denies instructing Plaintiff to refrain from advocacy. Sentence 3 of paragraph 16 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of sentence 3 of paragraph 16 of Plaintiff's Amended Complaint.

17. In response to sentence 1 of paragraph 17 of Plaintiff's Amended Complaint, Defendants admit to visiting the store where Plaintiff was working on July 25, 2024, but deny the remaining allegations of this sentence. Sentence 2 of paragraph 16 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of sentence 2 of paragraph 17 of Plaintiff's Amended Complaint.

18. In response to sentence 1 of paragraph 18 of Plaintiff's Amended Complaint, Defendants admit to the allegations of this sentence. In response to sentence 2 of paragraph 18, Defendants admit that the listed justifications for termination are some but not all of the basis for termination, but deny that these issues had never been previously raised with Plaintiff.

19. In response to sentence 1 of paragraph 19 of Plaintiff's Amended Complaint, Defendants admit that Plaintiff earned $769 a week as a salaried employee. In response to sentence 2 of paragraph 19, Defendants deny any improper reduction in Plaintiff's final paycheck.

20. In response to paragraph 20 of Plaintiff's Amended Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted.

21. In response to paragraph 21 of Plaintiff's Amended Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted.

22. In response to paragraph 22 of Plaintiff's Amended Complaint, Defendants admit Plaintiff filed a Charge of Discrimination (the Charge) against Three Brothers Bakery, Inc. on

March 21, 2025 and the EEOC issued its Notice of Right to Sue on April 16, 2025 on the Charge. With regard to the remaining allegations in this paragraph, they are legal conclusions to which no response is necessary.

23. In response to paragraph 23 of Plaintiff's Amended Complaint, Defendants admit they received correspondence from Plaintiff dated May 23, 2025 with a monetary demand.

24. In response to paragraph 24 of Plaintiff's Amended Complaint, Defendants admit the allegations.

25. In response to paragraph 25 of Plaintiff's Amended Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted.

## V.  CAUSE OF ACTION
### COUNT 1-Race Discrimination (Title VII)

26. Paragraph 26 of Plaintiff's Amended Complaint does not require a response.

27. Paragraph 27 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required.

28. Paragraph 28 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 28 of Plaintiff's Amended Complaint.

29. Paragraph 29 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 29 of Plaintiff's Amended Complaint.

30. In response to paragraph 30 of Plaintiff's Amended Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted.

31. In response to sentence 1 of paragraph 31 of Plaintiff's Amended Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the

allegations asserted. Defendants deny the allegations contained in sentences 2 and 3 of paragraph 31.

## COUNT 2-Retaliation (Title VII)

32. Paragraph 32 of Plaintiff's Amended Complaint does not require a response.

33. Paragraph 33 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 33 of Plaintiff's Amended Complaint.

34. Sentence 1 of paragraph 34 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of sentence 1 of paragraph 34 of Plaintiff's Amended Complaint. As to sentence 2 of paragraph 34, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted.

35. In response to paragraph 35 of Plaintiff's Amended Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted with regard to any confrontation. Defendants admit that Plaintiff was terminated on July 26, 2024.

36. In response to paragraph 36 of Plaintiff's Amended Complaint, Defendants admit that Plaintiff was terminated for the reasons set forth in this paragraph, however, Defendants deny that these issues were not previously addressed with Plaintiff.

37. Paragraph 37 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 37 of Plaintiff's Amended Complaint.

## VI.  DAMAGES

38. Paragraph 38 of Plaintiff's Amended Complaint, including subparts a-g, contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 38 of Plaintiff's Amended Complaint.

## VII.  JURY DEMAND

39. In response to paragraph 39 of Plaintiff's Amended Complaint, Defendants are not required to provide a response to Plaintiff's jury demand, but denies any violation of the law and denies Plaintiff is entitled to a jury on all issues raised by Plaintiff's Amended Complaint.

## VIII.  PLAINTIFF'S PRAYER

40. Defendants are not required to respond to Plaintiff's prayer for relief in paragraph 40 of Plaintiff's Amended Complaint, but denies any violation of the law.

41. Defendants are not required to respond to Plaintiff's prayer for relief in paragraph 41 of Plaintiff's Amended Complaint, but denies Plaintiff is entitled to any of the damages sought in Plaintiff's Amended Complaint.

42. Defendants are not required to respond to Plaintiff's prayer for relief in paragraph 42 of Plaintiff's Amended Complaint, but denies Plaintiff is entitled to injunctive relief sought in Plaintiff's Amended Complaint.

43. Defendants are not required to respond to Plaintiff's prayer for relief in paragraph 43 of Plaintiff's Amended Complaint, but denies Plaintiff's request for relief is warranted by law or facts.

44. Defendants are not required to respond to Plaintiff's prayer for relief in paragraph 44 of Plaintiff's Amended Complaint, but denies Plaintiff's request for relief is warranted by law or facts.

45. Defendants are not required to respond to Plaintiff's prayer for relief in paragraph 45 of Plaintiff's Amended Complaint, but denies Plaintiff's request for relief is warranted by law or facts.

## **DEFENDANTS' AFFIRMATIVE DEFENSES**

Defendants state the following affirmative defenses to Plaintiff's Amended Complaint (and any supplements or amendments thereto), but Defendants do not assume the burden of proof on any such defenses, except as otherwise required by law. Defendants reserve the right to assert additional defenses and to otherwise supplement or amend its Answer. Each of these defenses is pled in the alternative, as all liability is denied:

1. Plaintiff has agreed to individually arbitrate any or all of the purported claims against Defendants, asserted in Plaintiff's Complaint. Plaintiff's Amended Complaint violates such agreement to arbitrate and the claims against Defendants should be dismissed and/or stayed, and the Plaintiff should be compelled to individual arbitration.

2. Plaintiff's claims are barred by the statute of limitations and Plaintiff's failure to timely exhaust her administrative remedies.

3. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate.

4. Plaintiff's claims are barred because Plaintiff's employment was ended for legitimate, non-discriminatory and non-retaliatory business reasons.

5. Plaintiff's claims are barred because each and every act done or statement made by Defendants, and its officers, employees, and agents, with reference to the matters at issue, were done within the scope of discretionary authority, in the exercise of proper managerial discretion, and with a reasonable and good faith belief that their actions at all times were lawful, proper and justified.

6. Plaintiff's claims are barred because Defendants' decisions with respect to Plaintiff's employment was justified based upon its judgment of qualifications, effort, experience, responsibility, business revenues, market conditions, and/or other bona fide qualifications.

7. Without waiver of Plaintiff's burden to prove that his alleged termination was motivated by an impermissible factor, any finding that an adverse employment action taken by Defendants was an unlawful employment practice is countered by the fact that Defendants would have taken the same action in the absence of any such impermissible factor and regardless of Plaintiff's protected status.

8. Plaintiff's claim for punitive and/or exemplary damages is barred because Defendant Three Brothers Bakery, Inc. had anti-discrimination policies and procedures in place and made good faith efforts to educate their employees on those policies and procedures.

9. To the extent Plaintiff pleads in the alternative as to theories of liability, Plaintiff is limited to one recovery for the same alleged harm and/or is required to elect her remedies.

10. Defendant Three Brothers Bakery, Inc. is entitled to a credit or offset for amounts paid to Plaintiff.

## PRAYER

Defendants prays that Plaintiff take nothing by way of this action, and that this Court grant Defendants their fees, costs and expenses, as allowed by law, and such other and further relief, whether at law or equity, to which they may be justly entitled.

Dated this 27th day of August, 2025.

             Respectfully submitted,

             **GORDON REES SCULLY MANSUKHANI, LLP**

             */s/ Laura E. De Santos* _____
             **Laura E. De Santos**
             State Bar No.  00793612
             ldesantos@grsm.com
             **Suzanne Roberts**
             State Bar No. 24027782
             sroberts@grsm.com
             1900 West Loop South, Suite 1000
             Houston, Texas 77027
             (713) 961-3366 – Telephone
             (713) 961-3938 – Facsimile

             **ATTORNEYS FOR DEFENDANTS**
             **THREE BROTHERS BAKERY, INC. and**
             **THOMAS BAKER**

## **CERTIFICATE OF SERVICE**

   I certify that a true and correct copy of the foregoing instrument has been served via first class mail and e-mail on the following on August 27, 2025:

Carrington Nicole Taylor
39 Private Road 157
Linden, Texas 75563
Email: carringtonnicoletaylor99@gmail.com

*Pro Se Plaintiff*

             */s/ Laura E. De Santos*_____
             Laura E. De Santos